

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2005

# Harrod v. Kaminski

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1280

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Harrod v. Kaminski" (2005). *2005 Decisions*. Paper 980.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/980

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-242                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1280
_____

DARRYL HARROD, JR.,
Appellant

v.

J. KAMINSKI;
T. GUBBIOTI;
MICHAEL PUGH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-02249)
District Judge:  Honorable Christopher C. Conner
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 19, 2005

BEFORE:  RENDELL, FISHER and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: June 21, 2005)
_____

OPINION
_____

PER CURIAM

Appellant Darryl Harrod, Jr., proceeding <u>pro se</u>, appeals the February 27, 2004,

and January 19, 2005, orders of the United States District Court for the Middle District of

Pennsylvania. For the reasons that follow, we will dismiss the appeal as frivolous. See 28 U.S.C. § 1915(e)(2)(B).

Because we write for the parties, we will briefly summarize only those facts essential to our disposition of this appeal. On August 10, 2003, Harrod completed a fifty-one month federal sentence for weapons offenses. The same day, however, an outstanding parole violator warrant was executed, and Harrod began serving an additional 3,571-day sentence.[1] Thereafter, for purposes of determining Harrod's security level and custody classification, the fifty-one month sentence was considered part of his criminal history, while the parole violator term was considered Harrod's current offense.

On September 30, 2003, Jonathan Kaminiski, a case manager at the United States Penitentiary, Allenwood ("USP-Allenwood"), reviewed Harrod's security level and custody classification. Kaminski, who had been Harrod's case manager since January 30, 2002, performed periodic reviews to determine whether changes to Harrod's custody status were warranted. As a result of Kaminski's September 30 review, Harrod's Security Total was increased from eleven to seventeen points and a Public Safety Factor ("PSF") of "Greatest Severity Offense" was assigned to him on October 3, 2003. Harrod signed

---

[1]On April 5, 1993, Harrod was sentenced to fifteen years' imprisonment in the District of Columbia Superior Court. Harrod was paroled on February 27, 1998. However, on September 9, 1999, the District of Columbia Board of Parole issued a warrant charging Harrod with a parole violation. The warrant had been placed as a detainer, to be executed upon Harrod's release from custody on his federal sentence.

the October 3 Program Review Report, indicating that he did not have any concerns with his classification.

In December 2003, Harrod initiated the underlying Bivens[2] action in the District Court for the Middle District of Pennsylvania. Harrod alleged that T. Gubbioti and Michael Pugh denied him access to the courts. Harrod further alleged that Kaminski denied him access to the courts and to his attorney, tampered with his legal documents, discriminated against him because of his race, and increased his Security Total and assigned him a PSF of "Greatest Severity Offense" in retaliation for filing a civil rights complaint in 2001. See Harrod v. United States, et. al, D. N.J. Civ. No. 01-cv-02577. Harrod sought compensatory and punitive damages, as well as a preliminary injunction "to ensure that these officials [adhere] to their own regulations and policies."

On February 27, 2004, after allowing Harrod to amend his complaint, the District Court dismissed all of his claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with the exception of Harrod's retaliation claim. Kaminski then moved for summary judgment on the retaliation claim arguing, inter alia, that Harrod failed to: (1) exhaust his administrative remedies; and (2) establish a causal connection between the 2001 complaint and the October 3, 2003 Program Review Report. The Magistrate Judge assigned to the case concluded that Harrod had failed to establish that the 2001 complaint

---

[2]See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3

was a substantial or motivating factor in Kaminski's decision to increase his Security Total or to assign him a PSF of "Greatest Severity Offense." Over Harrod's objections, the District Court adopted the report and recommendation and granted Kaminski's motion for summary judgment in an order entered on January 19, 2005. Harrod has timely appealed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal for failure to state a claim, and the District Court's order granting summary judgment. See Abramson v. William Patterson College of N.J., 260 F.3d 265, 276 (3d Cir. 2001); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court that Harrod failed to state a claim against Gubbioti or Pugh. Liability in a civil rights action must be predicated upon personal involvement. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Harrod's amended complaint, however, contained no facts to support a conclusion that Gubbioti or Pugh were personally involved in the alleged constitutional violations. Likewise, Harrod's claim that Kaminski denied him access to the courts was properly dismissed by the District Court. It is well-settled that an inmate who alleges a violation of the right of access to the courts must show an actual injury. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Actual injury can be demonstrated by showing that a defendant's actions resulted in the "loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir.

4

1997).  Harrod made no such allegation in his amended complaint.  Finally, because Harrod failed to show that Kaminski intentionally or purposefully discriminated against him because of his race, the District Court properly dismissed Harrod's equal protection claim.

We also agree with the District Court that Kaminski was entitled to summary judgment on Harrod's First Amendment claim of retaliation.  In Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), this Court held that to prevail on a retaliation claim, a prisoner must prove that the conduct giving rise to the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of prison officials, and that the protected activity was a substantial or motivating factor in the challenged action.

Harrod alleged in his amended complaint that Kaminski increased his Security Total from eleven to seventeen points and assigned him a PSF of "Greatest Severity Offense" in retaliation for his filing of a civil rights complaint in 2001.  In his motion for summary judgment, however, Kaminski asserted that the changes to Harrod's security level and classification were made because, as of August 10, 2003, the fifty-one month federal sentence for weapons offenses was considered part of Harrod's criminal history.  Kaminski supported his motion for summary judgment with affidavits, the Federal Bureau of Prisons ("BOP") Program Statement for Security Designation and Custody Classification, and Harrod's Program Review Reports.  Harrod responded by merely relying on the allegations in his complaint, and by adding further allegations that

5

Kaminski had made false statements to the District Court and had failed to comply with the BOP's policies. Upon thorough review of the record, we must conclude that Harrod failed to meet his burden of proving that a genuine issue for trial existed. Despite Harrod's arguments to the contrary, he provided no support for his contention that his 2001 civil rights complaint was a substantial or motivating factor in Kaminski's increasing his Security Total and assigning him a PSF of "Greatest Severity Offense." Accordingly, the District Court properly concluded that Kaminski was entitled to summary judgment.

Because Harrod's appeal lacks arguable merit in law or fact, we will dismiss it as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

6